**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00283-CR**
_____

**PHILLIP BRIAN ROSS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-04-04433-CR**

**MEMORANDUM OPINION**

A jury found Phillip Brian Ross guilty of aggravated sexual assault. He received punishment of 35 years in prison. Ross contends the trial court violated his right of confrontation.

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. Under the forfeiture by wrongdoing doctrine, the State developed testimony concerning out-of-court testimonial statements by the victim, Ross's ex-wife. Generally, a

1

testimonial hearsay statement may be admitted into evidence only if the witness is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68-69, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). But "one who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation." *Davis v. Washington*, 547 U.S. 813, 833, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). The doctrine of forfeiture by wrongdoing permits the introduction of testimonial statements of a witness where the defendant engages in conduct designed to prevent the witness from testifying. *Giles v. California*, 554 U.S. 353, 359, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008).

The State filed a written motion for a finding of forfeiture by wrongdoing. During the hearing, Officer Duroy stated that he went to the victim's house "about eight times" in an attempt to serve her with the subpoena. The witness subpoena was returned unserved. At the conclusion of the hearing, the trial court found that Ross had "intimidated and dissuaded the victim from resorting to outside help[.]" The court ruled that the victim's testimonial statements to law enforcement officers at the crime scene within the first twenty minutes, together with the victim's 911 call, would be admitted under the doctrine of forfeiture by wrongdoing.

When the State offered the 911 call as an exhibit at trial, defense counsel stated, "I have no objection to this January 11, 2007, 911 call." Therefore, in this

2

appeal only the victim's testimonial statements to the responding officer are at issue. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (A defendant's affirmative acceptance of previously challenged evidence waives error in its admission.).

Ross argues the evidence does not support a finding that he committed an act designed to prevent the victim from testifying. He concedes the evidence from the hearing establishes a decade-long pattern of domestic abuse. The incidents include a 911 call in 1996 from the victim relating to Ross firing gunshots, a 1998 sexual assault outcry made by the Rosses' thirteen-year-old daughter, a 2004 offense against the victim concerning a charge of burglary of a habitation reduced to criminal trespass, a May 2005 high-priority welfare concern arising from an argument, the 2007 sexual assault at issue in this case, a 911 call from another of the Rosses' daughters reporting a physical assault by Ross on the victim in March 2009, a report by the victim of another sexual assault by Ross in October 2009, and a report of Ross making several threatening telephone calls to the victim in December 2009. Ross argues these acts of violence were not intended to dissuade the victim from either seeking help or cooperating with the prosecution.

The record of the hearing shows that Ross committed acts directed toward preventing the victim and her children from seeking police protection or

3

cooperating with the prosecution in this case. According to an investigating officer, after the 2007 sexual assault Ross told the victim "not to call anyone or tell the police or he would make her life miserable." The Rosses' daughter testified that Ross sexually assaulted her in 1998, and that before the hearing at issue here Ross called her and encouraged her not to testify.

During the investigation of the March 2009 assault, the victim told the officer that Ross seized and disconnected the telephone when he saw his daughter had called the police. The officer located the telephone in Ross's truck. While that case was pending, Ross made threatening phone calls to the victim. In a statement the victim gave to the officer investigating the December 2009 threats, the victim said that Ross forced himself on her and threatened to kill her if she did not drop the pending family violence case. In 2010, Ross was convicted of assault (family violence) and interference with an emergency call.

Ross argues that his behavior during the 2009 proceedings does not prove that he intended to keep the victim from testifying in the 2012 trial at issue in this appeal. Instead, Ross argues, this time the victim was "simply an uncooperative witness."

After the jury returned a guilty verdict, the victim appeared and testified for the defense in the punishment phase. She admitted the sexual assault occurred, but

4

she stated that they had "been trying to reconcile" and she denied being recently threatened by Ross. Ross produced affidavits of non-prosecution executed by the victim one year before the trial and a few weeks before the trial.

Ross did not move for a mistrial in light of the victim's punishment phase testimony. And actions designed to keep a witness from testifying at the guilt stage are not necessarily inconsistent with the witness's appearance at the punishment phase, when the defendant may have a different motivation.

Ross argues the forfeiture by wrongdoing exception expressed in *Giles* does not apply here because the relationship has not culminated in murder. But one might unlawfully prevent or delay the victim's service as a witness through an act short of homicide. *See* Tex. Penal Code Ann. § 36.05 (West Supp. 2012), § 36.06 (West 2011); *see also Giles*, 554 U.S. at 361 (The common law rule provided prior testimony was admissible where the defendant engaged in conduct designed to prevent a witness from testifying.). "The doctrine is based on the principle that 'any tampering with a witness should once for all estop the tamperer from making any objection based on the results of his own chicanery.'" *Gonzalez v. State*, 195 S.W.3d 114, 117 (Tex. Crim. App. 2006) (quoting 5 JOHN H. WIGMORE, EVIDENCE § 1406 at 219 (Chadbourn rev. 1974)). Ross's threatening behavior, including threats to kill the victim, together with his recent efforts to prevent his

daughter from testifying at the hearing, are circumstances from which the trial court could draw the reasonable conclusion that Ross intentionally dissuaded the members of his family from cooperating with the State's prosecution of his 2007 sexual assault on the victim. *See Giles*, 554 U.S. at 377.

Furthermore, the trial court did not rule on the admissibility of the records of the SANE nurse examiner in the pre-trial hearing, and the records were admitted into evidence at trial without objection. The patient history included the victim's description of the assault. And on the 911 call, admitted in evidence when defense counsel said he had no objection, the victim stated that her ex-husband had just broken into her house and sexually assaulted her. She reported that he claimed to have a gun and was in the neighborhood. She was in her car at the corner store. The victim stated that she saw him drive by as she was speaking to the dispatcher. Forensic testimony established that Ross was the male contributor to the DNA sample in the rape kit.

Ross does not identify any facts of consequence that were developed in the investigating officer's account of the victim's out-of-court testimonial statements that were not admitted elsewhere in the record. The trial court could reasonably conclude the forfeiture by wrongdoing applied. But even if the doctrine did not apply, the victim's testimonial statements describing the assault were largely

6

cumulative of the 911 call and the patient history that were admitted in evidence without objection. Considering all the relevant factors, we are satisfied beyond a reasonable doubt that any error did not contribute to the conviction. *See Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010). Appellant's issue is overruled. The judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on June 6, 2013
Opinion Delivered September 4, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.

7